UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TIMOTHY T. HOLMES,              }
                                }
    Plaintiff,                  }
                                }
v.                              }     Case No.:  2:15-cv-01383-RDP
                                }
SHERIFF MIKE HALE, et al.,      }
                                }
    Defendants.                 }

## MEMORANDUM OPINION

**I.   Introduction**

This case is before the court on Defendant Sheriff Mike Hale's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 15), filed December 4, 2015. Plaintiff was afforded the opportunity to respond to the Motion, but has not done so.[1] Accordingly, the Motion is ripe for decision, and after careful review, the court concludes it is due to be granted.

**II.  Background Facts and Procedural History**

Plaintiff filed his Amended Complaint seeking relief for alleged violations of his Fourth Amendment rights and for assault and battery under Alabama law. (Doc. # 13). Defendant Hale responded by filing this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 15). "A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true." *Mays v. United States Postal Service*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996). Thus, for the purpose of resolving the Motion, the court treats the following facts alleged in the Amended Complaint as true.

---

[1] (*See* Doc. # 16 (December 7, 2015 Text Order setting briefing schedule on the Motion)).

On June 20, 2014, Plaintiff was in his home wearing only pajama pants. (Doc. # 13). When he heard banging on his front door, Plaintiff got up and "saw some people running through the backyard," and heard his back door crash. (*Id.*). Plaintiff was frightened so he hid in a closet. (*Id.*). Shortly thereafter, Plaintiff was "pulled out from the closet by two of the three officers," and was thrown to the ground without being questioned or shown a warrant. (*Id.*). One of the officers, Defendant Daniel Billings (a large man), placed his knee on Plaintiff's back while another unnamed officer placed his boot on Plaintiff's neck and ground his face into the carpet. (*Id.*). The third unnamed officer twisted Plaintiff's arms in order to handcuff them. (*Id.*).

When Plaintiff asked why he was being arrested, the officers told him to "[s]hut [u]p" and "further pressed down on [Plaintiff] with their knee and foot, and even ground his face into the floor." (Doc. # 13). Finally, the officers told Plaintiff that he had "a warrant," even though one was never presented to him. (*Id.*). While still barely dressed, Plaintiff was "dragged" from his home and "thrown into a patrol car" in the presence of his neighbors. (*Id.*).

The officers took Plaintiff to the "Jefferson County Police Station," where he lost consciousness. (Doc. # 13). Once he regained consciousness, Plaintiff's cellmates told him he was "dragged" into the cell. (*Id.*). Plaintiff requested medical attention but was denied it by both an officer and a nurse.[2] (*Id.*). After an hour, Plaintiff was released without explanation, and was not given a copy of the arrest warrant or incident report. (*Id.*).

Plaintiff thereafter filed this lawsuit, seeking compensatory damages from the arresting officers for excessive force under 42 U.S.C. § 1983 and for state-law assault and battery. (Doc. # 13). Additionally, Plaintiff asserts a respondeat superior cause of action against Defendant

---

[2] The unnamed (and undescribed) officer and nurse have not been named as parties in this case. (*See* Doc. # 13).

Sheriff Mike Hale ("Sheriff Hale"), but does not specify whether he has sued Sheriff Hale in his official or individual capacity, or both. (*Id.*). Sheriff Hale argues that, regardless, the claims against him should be dismissed on sovereign immunity, absolute immunity, and qualified immunity grounds. (Doc. # 15).

### III. Standard of Review

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Intl. Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 Fed. Appx. 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Twombly*, 550 U.S. at 556. Further, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682). If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 556.

**IV.    Analysis**

Plaintiff brings this case pursuant to 42 U.S.C. § 1983. (Doc. # 13). To state a claim for relief under Section 1983, Plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (citations omitted). Alabama sheriffs are state officials, and, thus, clothed with the authority of state law. *See Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citing *Parker v.*

4

*Amerson*, 519 So.2d 442, 443 (Ala. 1987)) (a court must "consider the laws of the state" and, according to the Supreme Court of Alabama, "a sheriff is an executive officer of the state of Alabama").

> **A.  Sheriff Hale enjoys Eleventh Amendment Immunity as to any money damages claims asserted against him in his official capacity**

The Eleventh Amendment insulates a state from suit in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). "Lawsuits against a state official in his or her official capacity are suits against the state when 'the state is the real, substantial party in interest.'" *Carr*, 916 F.2d at 1524 (quoting *Halderman*, 465 U.S. at 101). Thus, "[a] state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity . . . or Congress has abrogated the state's immunity." *Lancaster v. Monroe Cty., Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997) (internal citations omitted). "Alabama has not waived its Eleventh Amendment immunity . . . and Congress has not abrogated Alabama's immunity." *Id.* (internal citations omitted).

Sheriff Hale, as an Alabama sheriff (*i.e.*, a state official), has sovereign immunity under the Eleventh Amendment with respect to money damages claims brought against him in his official capacity. *See Carr*, 916 F.2d at 1525. Thus, Sheriff Hale has immunity with respect to any of Plaintiff's money damage claims asserted against him in his official capacity because they are really claims against the state of Alabama. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State."). The court therefore concludes that any claims for money damages against Sheriff Hale in his official capacity are due to be dismissed.

B.     **Sheriff Hale enjoys Qualified Immunity as to any federal law claims for money damages asserted against him in his individual capacity**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Accordingly, "[a]t the motion to dismiss stage in the litigation, 'the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined.'" *Keating v. City of Miami*, 598 F.3d 753, 760 (11th Cir. 2010) (citation omitted).  To be sure, "[b]ecause qualified immunity is 'an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial.'"  *Pearson*, 555 U.S. at 231 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (changes in *Pearson*).

Qualified immunity "protects government officials performing discretionary functions from the burdens of civil trials and from liability." *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1282 (11th Cir. 2008) (internal citations omitted).  An official loses qualified immunity when his conduct violates "clearly established statutory or constitutional rights." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  However, the standard is "broad enough to cover some mistaken judgment, and it shields from liability all but the plainly incompetent or those who knowingly violate the law." *Garczynski v. Bradshaw*, 573 F.3d 1158, 1167 (11th Cir. 2009) (quoting *Montoute v. Carr*, 144 F.3d 181, 184 (11th Cir. 1997)).

Sheriff Hale has the initial burden of proving that he was acting within the scope of his discretionary authority in order to be eligible for qualified immunity. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004) (citing *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (2003)).  Discretionary authority exists if Sheriff Hale was (1)

6

performing a legitimate job-related function (2) through means within his power to utilize. *Holloman*, 370 F.3d at 1266. In other words, a "defendant must have been performing a function that, *but for* the alleged constitutional infirmity, would have fallen with his legitimate job description." *Id.* (emphasis in original).

If Sheriff Hale makes this initial showing, the burden shifts and Plaintiff must demonstrate that Sheriff Hale is not entitled to qualified immunity. *Holloman*, 370 F.3d at 1264. Here, the United States Supreme Court has mandated a two-step sequence to determine whether an official such as Sheriff Hale is entitled to qualified immunity, and a district court has discretion to determine in what order to address each part. *Keating*, 598 F.3d at 762 (citing *Pearson*, 555 U.S. at 232, 236). The court must decide whether the facts alleged by Plaintiff make out a violation of a constitutional right. *Pearson*, 555 U.S. at 232. Additionally, the court must decide whether the right at issue was "clearly established" at the time of the alleged misconduct by Sheriff Hale. *Id.* Sheriff Hale is not entitled to qualified immunity if Plaintiff can prevail as to both parts of the test.

Plaintiff's claims revolve around his arrest. (*See* Doc. # 13). And, Plaintiff alleges a cause of action against Sheriff Hale under respondeat superior for failure to supervise the arresting officers. (*Id.*). Making arrests are clearly within the line and scope of Sheriff Hale's authorized duties. *See* Ala. Code. § 36-22-3(a)(4) ("It shall be the duty of the sheriff . . . to arrest criminals . . . ."). Similarly, Sheriff Hale "has the exclusive authority to hire, fire, and train deputies," and supervise deputies. *Cofield v. Randolph Cty. Commn.*, 844 F. Supp. 1499, 1501 (M.D. Ala. 1994) (citation omitted); *see also* Ala Code § 36-22-3. Thus, Sheriff Hale has met his initial burden of showing that he is entitled to assert qualified immunity in response to Plaintiff's claims.

Because Sheriff Hale has established he acted within a scope of discretionary authority, Plaintiff must demonstrate that Sheriff Hale is not entitled to qualified immunity. *Holloman*, 370 F.3d at 1264. Plaintiff has not met his burden. First, Plaintiff has not alleged any facts that suggest Sheriff Hale was present during the arrest of or personally arrested Plaintiff. (*See* Doc. # 13). Second, Sheriff Hale cannot be liable on the basis of respondeat superior. *Weaver v. Mobile Cty.*, 228 Fed. Appx. 883, 886 (11th Cir. 2007) (quoting *Marsh v. Butler Cty.*, 268 F.3d 1014, 1035 (11th Cir. 2001)) ("It is well-established that a 'Sheriff can have no respondeat superior liability for a section 1983 claim.'").

To be sure, while "[s]upervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability," they may nonetheless be liable "when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396-97 (11th Cir. 1994) (citations omitted). That is, "[s]upervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is [some other] causal connection." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). But, as explained above, Plaintiff has not alleged any facts that Sheriff Hale personally participated in the arrests. (*See* Doc. # 13). Thus, the only conceivable basis for Plaintiff's claims against Sheriff Hale is mere supervisor liability,[3] and such a claim cannot stand in a Section 1983 suit. *See Brown*, 906 F.2d at 671; *Weaver*, 228 Fed. Appx. at 886. Accordingly, Sheriff Hale is entitled to qualified immunity against any federal claims asserted against him in his individual capacity, and any such claims are due to be dismissed.

---

[3] There is no plausible allegation in this case that Sheriff Hale is otherwise liable for the conduct at issue based upon another theory (*e.g.*, failure to properly hire, supervise, or train).

### C. Sheriff Hale is absolutely immune under the Alabama Constitution to Plaintiff's state law money damages claims

Article I, Section 14 of the Alabama Constitution provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." This section of the Alabama Constitution "wholly withdraws from the legislature, or any other state authority, the power to consent to an action against the state." *Parker v. Amerson*, 519 So.2d 442, 445 (Ala. 1987). And, significantly, this provision makes state officers (*i.e.*, sheriffs) and employees, in both their official and individual capacities, "absolutely immune from suit when the action is, in effect, one against the State."[4] *Phillips v. Thomas*, 555 So.2d 81, 83 (Ala. 1989); *see also Carr*, 916 F.2d at 1525.

The Alabama Supreme Court has established that Article I, Section 14 of the Alabama Constitution immunizes sheriffs in their official capacity from suits for money damages under state law. *See Karrick v. Johnson*, 659 So.2d 77, 79 (Ala. 1995); *accord Alexander v. Hatfield*, 652 So.2d 1142, 1143 (Ala. 1994); *Amerson*, 519 So.2d at 445-46. That immunity also applies when a sheriff is sued under state law in his individual capacity "whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment." *Ex parte Davis*, 930 So.2d 497, 500-01 (Ala. 2005); *see also McMillian v. Johnson*, 101 F.3d 1363, 1364-65 (11th Cir. 1996) (denying *en banc* review and holding that "under Alabama law [and, specifically, Article I, Section 14 of the state constitution], a claim

---

[4] The exceptions to Alabama's constitutional immunity for state officials are "when an action is brought:"

(1) to compel state officials to perform their legal duties; (2) to compel state officials to perform ministerial acts; (3) to enjoin state officials from enforcing unconstitutional laws; (4) to enjoin state officials from acting in bad faith, fraudulently, beyond their authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act.

*Parker v. Amerson*, 519 So.2d 442, 445 (Ala. 1987) (citations omitted). Because Plaintiff seeks only money damages, no exceptions are applicable in this case.

9

[based on intentional torts] against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity"). And, a sheriff is absolutely immune from a respondeat superior claim. *See White v. Burchfield*, 582 So.2d 1085, 1088 (Ala. 1990) (holding that a "sheriff cannot be held liable under the theory of respondeat superior for the actions of his [employees]" because "[a] claim of respondeat superior does not fit into any of the[] special exceptions to the absolute immunity afforded to state officials," and an action against a sheriff in "his official position as 'employer' . . . is, in essence, a claim against the state"). Therefore to the extent that Plaintiff asserts state-law claims for money damages against Sheriff Hale, those claims cannot stand because Sheriff Hale is absolutely immune to them under the Alabama Constitution. *See Bowden v. Cook*, No. 15-cv-620, 2015 WL 9311965, at *3 (N.D. Ala. Dec. 23, 2015) (citations omitted). Accordingly, any state-law claims for money damages against Sheriff Hale are due to be dismissed.

**V.     Conclusion**

For these reasons, the court concludes that Defendant Sheriff Mike Hale's Motion To Dismiss (Doc. # 15) is due to be granted and Sheriff Hale is due to be dismissed from this case. A separate order shall be entered.

**DONE** and **ORDERED** this January 21, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE