IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY T. HOLMES, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:15-cv-01383-RDP |
| } | |
| SHERIFF MIKE HALE, et al., } | |
| } | |
| Defendants. } | |

# MEMORANDUM OPINION

## I.  Introduction

This case is before the court on the Motion to Dismiss Plaintiff's Amended Complaint, in Part (Doc. # 28), filed by Defendant Deputy Daniel Billings ("Deputy Billings") on March 28, 2016. The Motion is fully briefed. (Docs. # 28, 29, 30). After careful review, and for the reasons stated below, the court concludes the Motion is due to be granted.

## II.  Background and Procedural History

Plaintiff filed his Amended Complaint seeking relief for alleged violations of his Fourth Amendment rights and for assault and battery under Alabama law. (Doc. # 13). Defendant Billings responded by filing his partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 28). "A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true." *Mays v. United States Postal Service*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996). Thus, for the purpose of resolving the Motion, the court treats the following facts alleged in the Amended Complaint (Doc. # 13) as true.

### III.     Plaintiff's Allegations

Plaintiff makes the following allegations in his Amended Complaint. On June 20, 2014, Plaintiff was in his home wearing only pajama pants. (Doc. # 13 at ¶ 4). When he heard banging on his front door, Plaintiff got up, "saw some people running through the backyard," and heard his back door crash. (*Id.* at ¶ 5). Plaintiff was frightened so he hid in a closet. (*Id.* at ¶ 6). Shortly thereafter, Plaintiff was "pulled out from the closet by two of the three officers," and was thrown to the ground without being questioned or shown a warrant. (*Id.* at ¶ 7). One of the officers, Deputy Billings (a large man), placed his knee on Plaintiff's back while another unnamed officer placed his boot on Plaintiff's neck and ground his face into the carpet. (*Id.* at ¶ 8). The third unnamed officer twisted Plaintiff's arms in order to handcuff them. (*Id.*).

When Plaintiff asked why he was being arrested, the officers told him to "[s]hut [u]p" and "further pressed down on [Plaintiff] with their knee and foot, and even ground his face into the floor." (Doc. # 13 at ¶ 9). Finally, the officers told Plaintiff that he was the subject of "a warrant," even though one was never presented to him. (*Id.* at ¶ 10). While still barely dressed, Plaintiff was "dragged" from his home and "thrown into a patrol car" in the presence of his neighbors. (*Id.* at ¶ 11).

The officers took Plaintiff to the "Jefferson County Police Station," where he lost consciousness. (Doc. # 13 at ¶ 12). Once he regained consciousness, Plaintiff's cellmates told him he was "dragged" into the cell. (*Id.*). Plaintiff requested medical attention but was denied it by both an officer and a nurse. (*Id.* at ¶ 13). After an hour, Plaintiff was released without explanation, and was not given a copy of the arrest warrant or incident report. (*Id.* at ¶ 14).

Plaintiff thereafter filed this lawsuit, seeking compensatory damages from Deputy Billings and the other arresting officers for excessive force under 42 U.S.C. § 1983 and for state-

law assault and battery.[1] (Doc. # 13). Deputy Billings argues that the claims against him in his official capacity should be dismissed on sovereign immunity grounds, and the state-law money damages claim against him should be dismissed on absolute immunity grounds. (Docs. # 28, 30).

## IV.  Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.  In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Intl Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

---

[1] Additionally, Plaintiff asserted a respondeat superior cause of action against Defendant Sheriff Mike Hale ("Sheriff Hale"). (*Id.*). Sheriff Hale was dismissed from this case on January 21, 2016.  (Doc. # 17).

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 Fed. Appx. 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Twombly*, 550 U.S. at 556. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 556.

**V.     Analysis**

Plaintiff brings this case pursuant to 42 U.S.C. § 1983. (Doc. # 13). To state a claim for relief under Section 1983, Plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (citations omitted). Although the "Alabama Constitution does not designate deputy sheriffs as members of the executive department or as state agents," Alabama deputies are "legally an extension of the sheriff." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525-26 (11th Cir. 1990). And, because Alabama sheriffs are state officials clothed with the authority of state law, *see id.* at 1525, deputies similarly hold that same authority. *See id.* at 1525-26.

### A. Deputy Billings enjoys Eleventh Amendment Immunity as to any money damages claims asserted against him in his official capacity.

The Eleventh Amendment insulates a state from suit in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). "Lawsuits against a state official in his or her official capacity are suits against the state when 'the state is the real, substantial party in interest.'" *Carr*, 916 F.2d at 1524 (quoting *Halderman*, 465 U.S. at 101). Thus, "[a] state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity . . . or Congress has abrogated the state's immunity." *Lancaster v. Monroe Cty., Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997) (internal citations omitted). "Alabama has not waived its Eleventh Amendment immunity . . . and Congress has not abrogated Alabama's immunity."[2] *Id.* (internal citations omitted). In Alabama, "a sheriff is an executive officer of the state of Alabama, and thus is immune from lawsuits under the state constitution, except for [certain] injunctive actions . . . ." *Carr*, 916 F.2d at 1525 (citing *Parker v. Amerson*, 519 So. 2d 442, 443 (Ala.1987)). Because the deputy is a general agent of the sheriff and

---

[2] Plaintiff argues that Section 1983 is a congressional abrogation of Alabama's Eleventh Amendment immunity. (Doc. # 29). However, he confuses Section 1983's procedural grant allowing an individual to sue a state actor for deprivation of constitutional rights with a law abrogating sovereign immunity. "[A]lthough Congress has power with respect to the rights protected by the Fourteenth Amendment to abrogate the Eleventh Amendment immunity," there must be "an unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States.'" *Pennhurst*, 465 U.S. at 98 (citations omitted). Section 1983 does not contain such "an unequivocal expression." *Id.*; *see* 42 U.S.C. § 1983.

In fact, and in any event, the Eleventh Amendment is not an absolute bar to suit under Section 1983; it is simply a bar to suit against a state (which, in this case, is the State of Alabama). *See* U.S. Const. amend. XI. But, this bar also extends to state officials because "the state is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101 (citations omitted). Of course, the Eleventh Amendment does not bar a suit challenging the constitutionality of a state official's action because such a suit is not against the State. *Id.* at 102 (citing *Ex parte Young*, 209 U.S. 123 (1908)). If a state official performs an unconstitutional act, a state cannot authorize that act. *Id.* Therefore, that state official is "stripped of his official or representative character," and the suit is against that state official in his *individual*—not his official—capacity. *Id.* at 102-103 (quoting *Ex parte Young*, 209 U.S. at 160). And, to be sure, while qualified immunity may protect a government official sued in his individual capacity, Deputy Billings has not at this time raised that defense, or otherwise moved to dismiss the federal claims against him in his individual capacity. *See Bashir v. Rockdale Cty.*, 445 F.3d 1323, 1327 (11th Cir. 2006) (*see also* Docs. # 28, 30). Having said that, if Deputy Billings plans to assert qualified immunity in this action, he should promptly do so, as it is a defense not only to damages but also to the requirement that an official defend against the action.

considered a legal extension of the sheriff, Alabama deputies also enjoy this immunity.  *Carr*, 916 F.2d at 1526.

As an Alabama deputy and a legal extension of Alabama state official Sheriff Hale, Deputy Billings has sovereign immunity under the Eleventh Amendment with respect to money damages claims brought against him in his official capacity.  *See Carr*, 916 F.2d at 1526.  Deputy Billings, therefore, has immunity with respect to any of Plaintiff's money damage claims asserted against him in his official capacity because they are really claims against the state of Alabama.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State.").  Thus, the court concludes that any claims for money damages against Deputy Billings in his official capacity are due to be dismissed.[3]

### B. Deputy Billings has absolute immunity under the Alabama Constitution to Plaintiff's state-law money damages claims.

Article I, Section 14 of the Alabama Constitution provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity."  This section of the Alabama Constitution "wholly withdraws from the legislature, or any other state authority, the power to consent to an action against the state."  *Parker v. Amerson*, 519 So.2d 442, 445 (Ala. 1987).  Furthermore, this provision makes state officers and employees, in both their official and individual capacities, "absolutely immune from suit when the action is, in effect, one against the State."  *Phillips v. Thomas*, 555 So.2d 81, 83 (Ala. 1989); *see also Carr*, 916 F.2d at 1525-26.  The Alabama Supreme Court has established that Article I, Section 14 of the Alabama

---

[3] Although the parties did not raise the issue in their briefs, there is an alternate reason for dismissal here: Billings in his official capacity as a deputy sheriff is <u>not</u> a "person" within that terms meaning under Section 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").  To be sure, this reason is related to, but distinct from the sovereign immunity afforded Deputy Billings in his official capacity under the Eleventh Amendment.  The Eleventh Amendment provides state officials in their official capacity a constitutional bar to suit; <u>will</u> exempts official capacity defendants from suit barred a statutory term in the text of Section 1983.

Constitution immunizes sheriffs and their deputies in their official capacities from suits for money damages under state law.  *See, e.g.*, *Ex parte Donaldson*, 80 So.3d 895, 897 (Ala. 2011); *Alexander v. Hatfield*, 652 So.2d 1142, 1144 (Ala. 1994).  That immunity also applies when a sheriff (and thus when a deputy sheriff) is sued under state law in his individual capacity "whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment."[4]  *Ex parte Davis*, 930 So.2d 497, 500-01 (Ala. 2005); *see also McMillian v. Johnson*, 101 F.3d 1363, 1364-65 (11th Cir. 1996) (denying *en banc* review and holding that "under Alabama law [and, specifically, Article I, Section 14 of the state constitution], a claim [based on intentional torts] against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity").

Because the functions associated with making arrests and dealing with arrestees are clearly within the course and scope of a deputy's employment, *see* Ala. Code § 15-10-1, Deputy Billings was protected by the immunity granted in Article I, Section 14 of the Alabama Constitution when arresting Plaintiff.  *See Ex parte Davis*, 930 So.2d at 500-01; *cf. Callwood v.*

---

[4] Plaintiff in his opposition brief also confuses State immunity with State-agent immunity, arguing that Deputy Billings is not entitled to immunity because he acted in bad faith, with malice, and willfully.  (Doc. # 29 (citing Ala. Code § 6-5-338)).  When it applies, Section 6-5-338 of the Alabama Code provides statutory, discretionary-function immunity.  *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 741 (11th Cir. 2010).  But, an Alabama state agent is not immune from civil liability in his personal capacity when that agent "acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law."  *Ex parte Cranman*, 792 So.2d 392, 405 (Ala. 2000) (construing State-agent immunity as to state university physicians, not deputies or sheriffs).

However, the "State immunity afforded sheriffs and deputies is not affected by [the Alabama Supreme] Court's decision on State-agent immunity in *Ex pate Cranman*."  *Ex parte Sumter Cty.*, 953 So.2d 1235, 1239-40 (Ala. 2006).  (Indeed, the Eleventh Circuit's holding in *Morton v. Kirkwood* that a city police officer who was alleged to commit assault and battery (by repeatedly shooting a gun) was not entitled to State-agent immunity is distinguishable because it involved a municipality's police officer—not an Alabama state official (*i.e.*, a deputy sheriff).  707 F.3d 1276 (11th Cir. 2013)).  "State immunity [under Article I, Section 14 of the Alabama Constitution] and State-agent immunity [pursuant to Alabama Code § 6-5-338] are 'two different forms of immunity,' and those who qualify for State immunity 'are treated differently under Alabama law' because they are constitutional officers."  *Ex parte Donaldson*, 80 So.3d at 900 (citation omitted).  Thus, as the Alabama Supreme Court has held, it is "immaterial" whether Deputy Billings would be entitled to State-agent immunity because he is a deputy sheriff entitled to absolute State immunity.  *Id.*; *see also Ex parte Fielding*, 86 So.3d 354, 359 (Ala. 2011) (holding that the doctrine of State-agent immunity does not apply to defendant employed as a deputy sheriff).

*Phenix City, Ala.*, No. , 2015 WL 5234829, at *6-8 (M.D. Ala. Sept. 8, 2015) (applying absolute State immunity to wrongful death claim averred against deputies who allegedly repeatedly tase, jump on, and restrain naked individual who then died).  To the extent that Plaintiff asserts state-law claims for money damages against Deputy Billings, those claims cannot stand because Deputy Billings is absolutely immune to them under the Alabama Constitution.  *See Ex parte Donaldson*, 80 So.3d at 897.  Accordingly, any state-law claims for money damages against Deputy Billings are due to be dismissed.

## VI.  Conclusion

For these reasons, the court concludes that Deputy Billings' Motion to Dismiss Plaintiff's Amended Complaint, in Part (Doc. # 28) is due to be granted, and Plaintiff's claims against Deputy Billings in his official capacity, and the state-law money damages claim against him, are due to be dismissed from this case.  Plaintiff's federal claim against Deputy Billings in his individual capacity remains in this action.  A separate order shall be entered.

**DONE** and **ORDERED** this May 2, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE